**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Charlotte Hamilton,**
**Dependent of Carney Hamilton (deceased),**
**Claimant Below, Petitioner**

**v.)** **No. 24-518** (JCN: 900055180)
(ICA No. 23-ICA-533)

**Mid-State Mechanical, Inc.,**
**Employer Below, Respondent**

**and**

**West Virginia Offices of the Insurance Commissioner**
**in its capacity as administrator of the Old Fund,**
**Respondent**

# MEMORANDUM DECISION

Petitioner Charlotte Hamilton appeals the July 1, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Hamilton v. Mid-State Mech., Inc.*, No. 23-ICA-533, 2024 WL 3252733 (W. Va. Ct. App. Jul. 1, 2024) (memorandum decision). Respondent West Virginia Offices of the Insurance Commissioner ("WVOIC") in its capacity as administrator of the Old Fund filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 30, 2023, order by the Board of Review, which affirmed the claim administrator's order rejecting Ms. Hamilton's application for fatal dependent's benefits.

On appeal, the claimant argues that the ICA erred in affirming the Board of Review because the record contains documentation from multiple medical professionals that Mr. Hamilton suffered from dysarthria resulting from his traumatic brain injury. The claimant asserts that Michael Hildreth, PA-C, related Mr. Hamilton's communication difficulties following his work injury as a material contributing factor in Mr. Hamilton's death because he was unable to effectively verbalize symptoms he was experiencing to medical professionals, making it more likely than not that, but for his work injury, Mr. Hamilton would have had the ability to communicate his symptoms in time to receive treatment for the carcinoma that ultimately took his life.

---

[1] The petitioner is represented by counsel J. Thomas Greene Jr. and T. Colin Greene, and the respondent WVOIC is represented by counsel James W. Heslep. The respondent Mid-State Mechanical makes no appearance in this appeal.

Although the claimant presents a novel theory in her application for benefits, the WVOIC counters by arguing that Mr. Hamilton had a greater ability to communicate than the claimant suggests. Clinical notes from Mr. Hamilton's treating neurologists suggest that he retained a significant ability to communicate with his physicians despite any limitations related to his compensable head injury. The WVOIC asserts that the claimant's attempt to link Mr. Hamilton's mediastinal mass to his communication limitations is simply not supported by the medical record.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 22, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV